121     413
s80ᴺᵂ  124
,133     163

## WHITE v. TOWNSHIP OF RILEY.

Townships — Defective Bridges — Negligence — Proximate Cause.

Where a horse became frightened at a crack in the flooring of a township bridge, which, in its ordinary condition, would not frighten horses ordinarily gentle, but which, on the particular occasion, by reason of the action of wind and snow, appeared wider than it really was, the township, being absolved, by special finding of the jury, from negligence with respect to the cause of fright, cannot be held liable for injuries to the driver because it failed to maintain barriers on the approach, by reason of the absence of which the horse backed off the bridge; townships being liable only where their negligence is the proximate cause of injury.

Error to St. Clair; Vance, J.    Submitted June 7, 1899. Decided September 27, 1899.

Case by Elizabeth White against the township of Riley for personal injuries.    From a judgment for plaintiff, defendant brings error.    Reversed.

*Avery Bros. & Walsh* (*O'Brien J. Atkinson*, of counsel), for appellant.

*Frank Whipple* (*J. B. McIlwain*, of counsel), for appellee.

LONG, J.    This case was in this court at the April term, 1897, reversed, and remanded for a new trial. *White* v. *Township of Riley*, 113 Mich. 295.    The case has been again tried, and plaintiff had verdict and judgment.    Defendant brings error.

There is little or no difference between the case now made by the plaintiff and that shown by the former record.    It was contended by plaintiff on the former trial that the cracks in the bridge, the narrow approach, and the want of barriers on the sides of the approach, were the causes of the plaintiff's injury.    Those are also the present contentions of counsel for plaintiff.    It appeared then, and now appears, that the plaintiff's horse never became frightened at the crack in its ordinary condition; and the testimony fully establishes the fact that, but for the changed condition of the crack on that night, the plaintiff's horse would have gone forward.    It was, as explained by plaintiff's husband, the snow blowing, the bluster of the wind and snow, and the leaving of a dark streak each side of the crack, that scared the horse.    He further testified that he had always noticed this particular crack for 12 or 15 years, that he had been driving over that bridge night and day during that time with this horse and other horses, that his wife had been over it the Saturday night before, and that he never called the attention of the township officers to any defect in the bridge before the

accident.    It was said in the majority opinion of the court on the former record:

"The contention gets down to this:   That the cause of the horse's shying and backing up was the appearance of this bridge, which appearance was occasioned by the wide cracks in the floor of the bridge, and by the action of the wind in blowing the snow away from the cracks, giving an appearance of a wider opening than in fact existed.   It would hardly be suggested that a highway is intended to be traversed only in fair weather.    *   *   *   This court has frequently held that it is not incumbent upon municipal authorities to remove snow and ice, and this holding is based upon the ground that, as snow and ice are so common in this latitude, the intention of imposing the onerous duty upon a municipality of removing such accumulations will not be presumed, in the absence of a clear expression of such legislative intention.   It seems to me to be wholly illogical to hold the municipality exempt from this duty upon such grounds, and at the same time to hold that the natural action of snow, and the appearance which its fall would necessarily give to such a structure as the bridge in question, is so extraordinary as to amount to an intervening cause.    The authorities were bound to know that snow falls in this climate, and that it will not rest upon air; that, if light, it will, to a greater or less extent, be blown back from a crack or opening such as that described in this bridge.    This is no intervening cause.    It is a condition necessarily arising out of other conditions sure to exist, namely, the cracks in the bridge, and the storms which at certain seasons visit this latitude.    Nor was the condition of this bridge such as might not have been foreseen by the authorities, if cognizance were taken of the action of the elements.    If we adopt the rule that the authorities should be held responsible for such consequences as common experience would show to be usual, I think it is clear that the result cannot be held to be too remote to permit a recovery in this case."

It was further said that the position of defendant's counsel necessarily involved two concessions:

1. That, if plaintiff was injured by reason of the want of barriers, she was entitled to recover.

2. That the cracks in the bridge, in the condition in which they were, were calculated to frighten horses of ordinary gentleness.

Whatever may be said of the former record, these positions are now challenged by counsel for defendant. On the former trial no testimony was offered by the defendant; and it is now contended by counsel for defendant that no such concessions are made, but, on the other hand, that those statements are now disputed. The former opinion was based upon the facts there presented, and from that record the court found as a fact that the condition of the crack as it appeared on that night was sure to exist, by reason of the storms which at certain seasons visit this latitude. The defendant introduced evidence tending to show that the largest crack in the bridge was only $1\frac{1}{4}$ inches wide, and this was from 15 to 17 feet from the west end of the bridge. It also introduced testimony tending to show that the bridge was planked with 2-inch oak plank, and that there was no waney edge in the planks at the place described by plaintiff's husband, where the accident occurred. Defendant also gave testimony which tended to show that no horse was ever frightened on this bridge before this night by such a condition as the plaintiff claims caused her horse to back off the bridge. It is admitted by plaintiff that the horse driven that night was never frightened by the bridge in its ordinary condition. The ground of recovery is that the condition produced by the action of the snow and wind should have been anticipated by the township authorities.

A special question was submitted to the jury at the request of counsel for defendant, as follows:

"Did the township of Riley have any notice prior to January 23d [the day of the injury] that the snow would create an appearance upon single-floor bridges at night to the effect that seams or cracks would appear wider than they really were?

"A. No."

We think this question was a proper one, under the evidence given on the trial, and under the claim made by plaintiff's counsel as to the cause of the accident. In the present case, then, the question of the negligence of the

defendant in this regard is eliminated by the verdict of the jury.    By the general verdict the plaintiff was given $500 damages.    Counsel for defendant asked the court, in view of the answer to the special question, to enter judgment for the defendant.    This was refused.    We think, under the claim made by the plaintiff and the facts found, the judgment should have been so entered.    The defendant township, as was found by this verdict, was not responsible for the condition which actually frightened the horse. The want of barriers was not the proximate cause of the injury.    It was the fright of the horse by the condition of the bridge at that time.    The want of barriers to the approach was only the remote cause.    The township is liable only where the negligence complained of was the proximate cause of the injury.    If such neglect was the secondary or remote cause, the township is not liable.    *Beall* v. *Township of Athens*, 81 Mich. 540.

The judgment must be reversed, and the case remanded, with directions that judgment be entered in favor of defendant.

The other Justices concurred.